UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEGASH BEIRUTI,

       Petitioner,

v.

       Case No. 1:08-cv-443
       Hon. Gordon J. Quist

VINCENT CLAWSON,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner has filed this habeas action pursuant to 28 U.S.C. § 2241 challenging his detention pending his removal by immigration authorities. Petitioner has been released to state custody, where he is being held in connection with the criminal charge of aggravated stalking. This matter is before the court on respondent's motion to dismiss the petition for lack of federal jurisdiction (docket no. 5). Petitioner does not oppose the motion.

    **I.**    **Background**

On April 30, 2004, petitioner was ordered removed from the United States by an immigration judge based upon a conviction for aggravated stalking, and his application for asylum was denied. Decl. of Jamie C. Alfaro at ¶ 2 (docket no. 6-4). Petitioner was placed in ICE custody on April 30, 2007, after completion of his state felony conviction. *Id.* at ¶ 3. From May 2007 through June 2008, ICE engaged in efforts to remove petitioner to Yemen. *Id.* at ¶¶ 4-25. In May and September 2007, petitioner's former wife reported to ICE that she feared for her safety in the event that petitioner was released from custody. *Id.* at ¶¶ 5, 12.

On May 12, 2008, petitioner filed this § 2241 petition, alleging that he should be released from detention because: (1) he had been in detention awaiting removal for more than six months in violation of the rule announced in *Zadvydas v. Davis*, 533 U.S. 678 (2001)[1]; (2) respondents violated his substantive due process rights; and (3) respondents violated his procedural due process rights. Then, on June 10, 2008, petitioner was released from ICE custody to appear for an arraignment on a new state charge of aggravating stalking. Decl. of Gregory K. Shipman at ¶ 2 (docket no. 6-5). Petitioner was arraigned on the charge and remains in state custody pending his trial. *Id.* at ¶¶ 2-4.

**II.    Discussion**

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Here, respondent has provided a factual basis to demonstrate that this court lacks jurisdiction.

In order for this court to have jurisdiction over petitioner's habeas claims brought pursuant to § 2241, he must be in government custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). The record reflects that petitioner was released from federal custody on June 10, 2008. Once a habeas petitioner is no longer in custody, the court must determine "whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case

---

[1] In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a) does not permit indefinite detention of an alien who has been ordered removed, and created a presumptive rule that an alien should be released after six months of custody if there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

or controversy under Article III, § 2, of the Constitution." *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The relevant inquiry for the court is whether petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration," that can be redressed by granting the habeas petition. *See id.* 7-8. Thus, "[a] habeas petition will become moot once the prisoner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding." *Leitao v. Reno*, 311 F.3d 453, 455 -56 (1st Cir. 2002).

Petitioner's habeas action is limited to the sole issue of whether he should remain detained by the federal government pending his removal to Yemen. Petitioner does not dispute any previous court order or allege that he suffers any collateral consequences from the government's actions. Indeed, petitioner did not even file a response to the motion to dismiss. Under these circumstances, his habeas petition has become moot. *See Amazon v. Meissner*, No. 00-6103, 2000 WL 1124537 (4th Cir. Aug. 9, 2000) (deported alien's habeas petition is moot where the petition attacked confinement only, rather than the deportation order, and failed to allege any collateral consequences arising from detention or deportation); *Kassa v. Gonzales*, 1:07-cv-196 (W.D. Mich. July 20, 2007) (same).

### III.     Recommendation

Accordingly, I respectfully recommend that respondent's motion to dismiss (docket no. 5) be **GRANTED** and the habeas petition be **DISMISSED**.


Dated:  December 29, 2008                            /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).